| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br><u>DISTRICT OF NEW JERSEY</u><br>COHN LIFLAND PEARLMAN<br> HERRMANN & KNOPF LLP<br>Attorneys for Cohn Lifland Pearlman Herrmann & Knopf LLP<br>Park 80 West-Plaza One<br>250 Pehle Avenue, Suite 401<br>Saddle Brook, New Jersey 07663<br>(201)845-9600<br>Our File: 39843-3 | |
| In Re:<br><br>VATCHE ASLANIAN,<br><br>           Debtor. | Case No. 19-18291<br><br>Chapter 13<br><br>Judge: John K. Sherwood<br><br>Hearing Date: June 27, 2019<br><br>**CERTIFICATION OF JEFFREY W. HERRMANN, ESQ., ON BEHALF OF COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP IN OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN** |

Jeffrey W. Herrmann, Esq., hereby certifies:

1. I am an attorney-at-law of the State of New Jersey and a member of the law firm of Cohn Lifland Pearlman Herrmann & Knopf LLP, counsel for creditors, Cohn Lifland Pearlman Herrmann & Knopf LLP ("Cohn Lifland").

2. I submit this certification in support of Cohn Lifland's objection to confirmation of the Debtor's Chapter 13 plan.

**HISTORY**

3. On April 24, 2019 (the "Petition Date") Aslanian filed the present voluntary petition for relief under chapter 13 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

4. On April 24, 2019 (the "Petition Date"), Aslanian's estranged wife, Anna Manukian-Aslanian, filed a separate voluntary petition for relief under Chapter13 under Case Number 19-18299.

5. Both Chapter 13 petitions had been filed by the firm of Scura, Wigfield, Stevens & Cammarota, LLP on behalf of the debtors.

6. Prior to the filing of those two (2) petitions both debtors had been engaged in a divorce proceeding in the Superior Court of New Jersey under Docket No. FM-02-1637-18.

7. Vatche Aslanian ("VA") had been represented in the divorce by the firm of Cohn Lifland.

8. Anna Manukian-Aslanian ("AMA") had been represented in the divorce by the firm of Finnerty, Canda & Concannon, P.C. (FC&C).

9. During the pendency of the divorce litigation on February 23, 2018 the parties entered into and signed a Consent Order enjoining and restraining both parties from amongst other things, directly or indirectly transferring, withdrawing, converting any assets. **(Exhibit "A")**

10. On February 14, 2019, FC&C filed a motion to be relieved as counsel for AMA, and also requested that the court impose a Charging Lien in favor of the firm in the amount of $82,815.09 and sought other relief.

11. On February 22, 2019, Cohn Lifland filed a cross motion also requesting to be relieved as counsel for debtor, and requested that the court impose a Charging Lien in favor of Cohn Lifland in the amount of $68,029.36 and sought other relief.

12. On March 15, 2019, the State Court entered a series of three (3) Orders:

    a) Relieving FC&C as counsel for AMA, and imposing a Charging Lien in favor of the firm in the amount of $82,815.09;

    b) Relieving Cohn Lifland as counsel for debtor, and imposing a Charging Lien and entered a judgment in favor of Cohn Lifland in the amount of $68,029.36.

    Both Orders also restrained both debtor and AMA from further encumbering the marital property located at 413 The Fenway, River Edge, NJ (Fenway Property) to protect Cohn Lifland's and FC&C's lien claims and from "secreting, conveying, hypothecating, assigning, selling, or otherwise disposing if any and all holdings and assets...."

    c) The third Order established discovery dates and scheduled a date for a plenary hearing in furtherance of the fees and additional fees and interest due both firms. **(Exhibits "B," "C," & "D")**

13. In violation of their February 23, 2018 Consent Restraining Order, both debtor and AMA executed a deed transferring the Fenway Property into the Aslanian Living Trust on March 8, 2019. Said deed was recorded with the Bergen County Clerk on March 12, 2019 in Book 3197 Page 33. **(Exhibit "E")** No consideration was provided by the Aslanian Living Trust in exchange for the transfer.

14. At no time during or after the March 15, 2019 Superior Court hearing did either debtor or AMA notify the State Court that they had already violated the February 23, 2018 Consent Restraining Order, or correct the Court's belief that Fenway Property remained titled in their names.

15. On Official Form 107, Statement of Financial Affairs, item 19, of both debtor's and AMA's Chapter 13 Petition they both responded to the following question:

    19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called asset-protection devices.)
    ■ No

16. On Schedule A/B of both debtor's and AMA's Petition, they each certify that the Fenway Property as being owned jointly. There is no representation that the Fenway Property was already titled in the name of the Aslanian Living Trust.

17. During the divorce proceedings a Comparative Market Analysis (CMA) was obtained by debtor and AMA. It indicated that the Fenway Property had a value of between $500,000 to $535,000. **(Exhibit "F")** Contrary to their previous positions, the parties currently maintain in their petitions that the Fenway Property has a value of $385,000.

18. Contrary to the information stated in the in the two (2) Armenian Deeds, in Aslanian's current bankruptcy, she lists that the properties are jointly owned and does not provide any information concerning income or expenses. In addition, Aslanian impermissibly reduces the value of the properties by one-half.

19. On 5/21/2019 the 341A Meeting of Creditors for both debtor and AMA took place.

20. During individual questioning of both parties, each testified to have transferred the Fenway Property into the Aslanian Living Trust on March 8, 2019, but failed to indicate it in their petitions. They further testified that they had filed a Stipulation of Dismissal to their Divorce proceedings, but were going to attend mediation to resolve and finalize their divorce.

21. During the Meeting of Creditors, the Chapter 13 Standing Trustee, Marie-Ann Greenberg, Esq., made her objections known to counsel, including the Scura firm's representation of parties with diverse interests, transfer of property and failure to provide all tax returns. The Standing Trustee formalized those objections in debtor's bankruptcy (Doc. 14) and in AMA's bankruptcy (Doc. 20).

22. Schedule "I" lists as debtor's income $1,950 of unemployment contribution (which is temporary) and a family contribution of $7,400 which is unreliable and not guaranteed and could end at any moment. Debtor does not have sufficient income to fund the proposed plan.

23. Confirmation of the Debtor's Bankruptcy plan is presently scheduled for June 27, 2019. Based upon the totality of the Debtor's actions stated above, it is evident that both his petition and Chapter 13 Plan have been filed in bad faith.

24. Therefore, it is respectfully requested that the Court deny confirmation of the Debtor's Plan.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 20, 2019

        COHN LIFLAND PEARLMAN
        HERRMANN & KNOPF LLP
        *Attorneys for Cohn Lifland Pearlman*
        *Herrmann & Knopf LLP*


By: */s/ Jeffrey W. Herrmann*
    Jeffrey W. Herrmann, Esq.
    A Member of the Firm